**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>THE TREASURY<br>1500 Pennsylvania Ave., N.W.<br>Washington, D.C. 20220,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:24-cv-03449 |

**COMPLAINT**

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of the Treasury ("TREAS") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel TREAS's compliance with the FOIA's requirements.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to

1

be the best of disinfectants, electric light the most efficient policemen," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT. (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant TREAS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). TREAS has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On August 9, 2024, PPT submitted a FOIA request to TREAS (attached as Exhibit A) seeking the following records:

> 1. From July 1, 2024, through the date this request is processed, records of the roster for all career civil service employees selected for the 2025 transition team.

7. Release of these records is in the public interest because it will contribute to the public's understanding of TREAS's preparations for the 2025 presidential transition.

8. On August 9, 2024, TREAS sent PPT an email stating that the request had been received and that it had been assigned the case number 2024-FOIA-01024. TREAS also sent an email stating that the request's status had been updated to "Received."

9. On August 20, 2024, TREAS sent PPT an email with an attached acknowledgement letter for the request. The letter stated that TREAS had initiated a search within its offices for responsive records, but that "unusual circumstances" existed regarding the request,

including the potential need to consult with multiple program offices or search for records in multiple locations.

10. Since its August 20th email, TREAS has been silent regarding the request.  To date, TREAS has not provided a response, a time estimate for when it will respond, or any other communication regarding the request.

11. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

12. The Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

13. Over 110 days have elapsed since TREAS received the request, yet TREAS still has not made a determination with respect to it.  *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  TREAS has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

14. Given these facts, TREAS has not met its statutory obligations to provide the requested records.

15. Through TREAS's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

b. PPT's request was a properly submitted request for records within the possession, custody, and control of TREAS.

c. TREAS is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d. TREAS is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e. TREAS's failure to provide all non-exempt responsive records violates FOIA.

f. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring TREAS to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant TREAS complies with the requirements of FOIA and any and all orders of this Court.

(2) Order TREAS to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: December 11, 2024                    Respectfully submitted,

                                            PROTECT THE PUBLIC'S TRUST

                                            By Counsel:
                                            /s/ Jacob William Roth
                                            Jacob William Roth
                                            D.D.C. Bar ID: 1673038
                                            DHILLON LAW GROUP, INC.
                                            1601 Forum Plaza, Suite 403
                                            West Palm Beach, Florida 33401
                                            Telephone: 561-227-4959
                                            JRoth@Dhillonlaw.com


                                            *Counsel for the Plaintiff*